IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LACORREY RONTEDES WOODS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case Nos. 2:11-cv-08047-KOB-TMP |
| ) | 2:10-cr-00193-KOB-TMP |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM OPINION**

On November 24, 2014, the magistrate judge filed his Report and Recommendation (doc. 12), recommending that the court DENY the motion to vacate with respect to all claims *except* the claim of ineffective assistance due to counsel's failure to appeal. The magistrate judge found that only the ineffective assistance of counsel claim for failure to appeal should be reserved for an evidentiary hearing. (Doc. 12).

On December 4, 2015, the movant filed a "Petition of Opposition to the U.S. District Magistrate Justice [sic] Report and Recommendation (Doc. #12) . . ." (Doc. 13). In his filing, the movant requested that the court appoint counsel for him for the

evidentiary hearing and requested more time to prepare an adequate response to the Report and Recommendation. (Doc. 13). Construing his filing as a motion for extension of time to object to the his Report and Recommendation, the magistrate judge gave the movant until January 9, 2015 to file objections. (Doc. 15). However, the magistrate judge made clear that he denied the movant's request to extend the deadline for filing objections until after the evidentiary hearing. (*Id*. at 2 fn1). The magistrate judge, however, did not address the movant's request for appointment of counsel for the hearing.

On December 30, 2014, movant filed a "petition" for this court to "rescind and revoke" the magistrate judge's Order of December 19, 2014 (doc. 15), claiming that the magistrate judge "erroneously misconstrued" document 13 as a motion for extension of time to file objections to his report and recommendation. (Doc. 16). In his filing, movant clarifies that, in document 13, he requested that the court stay his "response of objections" to the report and recommendation "to after the evidentiary hearing and also requested appointment of counsel to assist Movant to file an appropriate objection. . . ." (Doc. 16 at 2).

Having now carefully reviewed and considered *de novo* all materials in the court file relevant to the case, including documents 13 and 16, the court ADOPTS the magistrate judge's REPORT and ACCEPTS his recommendation to deny all of the

claims in the motion to vacate *except* the ineffective assistance of counsel claim for failure to appeal. The court finds that the ineffective assistance of counsel claim for failure to appeal is the only claim requiring an evidentiary hearing to resolve the issue.

Regarding the movant's request for this court to "rescind and revoke" (doc. 16) the magistrate judge's Order of December 19, 2014 (doc. 15), the court DENIES that request. The court finds that the magistrate judge correctly construed document 13 as a request for additional time to object to the magistrate judge's report and recommendation and gave movant sufficient time to submit his objections. The court also finds that the magistrate judge correctly refused to give movant until after the evidentiary hearing to file his objections to the report and recommendation because the evidentiary hearing only applies to the one issue found in his favor and not to any of the issues dismissed here.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, "if an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." The court finds that movant is entitled to the appointment of counsel for the evidentiary hearing and GRANTS his request for such (docs. 13 & 16).

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 26th day of January, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE