IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LACORREY RONTEDES WOODS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case Nos. 2:11-cv-08047-KOB-TMP |
| ) | 2:10-cr-00193-KOB-TMP |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

Lacorrey Rontedes Woods filed the instant motion to vacate, set aside, or correct his sentence on November 30, 2011. (Doc. 1). The magistrate judge entered a Report and Recommendation on November 24, 2014, recommending that the court deny the motion to vacate with respect to all claims except the claim of ineffective assistance of counsel because of counsel's failure to appeal. (Doc. 12). On January 26, 2015, the undersigned accepted and adopted the magistrate judge's Report and Recommendation, denying all claims in the motion to vacate *except* the claim of ineffective assistance of counsel, which the undersigned referred back to the

magistrate judge to appoint counsel and conduct an evidentiary hearing. (Docs. 17 & 18).

After the court's Order of January 26, 2014, the movant filed a notice of interlocutory appeal and motion to proceed in forma pauperis on appeal on February 19, 2015, presumably appealing the claims in his motion to vacate that the court denied.  (Doc. 24).  Because the court's January 26, 2014 was not a final Order because it did not dispose of the issue of ineffective assistance of counsel for failure to appeal, the court denied both a certificate of appealability and motion to proceed in forma pauperis.  (Doc. 27). The Clerk transmitted the notice of appeal and docket sheet to the Eleventh Circuit on March 4, 2015 and the appeal is currently pending.

Meanwhile, the magistrate judge appointed an attorney for the movant (doc. 19) and held an evidentiary hearing on the remaining claim of ineffective assistance of counsel on appeal on March 6, 2015.  At the outset of the evidentiary hearing, the movant's attorney informed the court that the movant had decided to withdraw the remaining motion.  The magistrate judge explained to the movant that, if he chose to withdraw the remaining claim, the claim would be subject to the successiveness clause in 28 U.S.C. § 2255, which requires that a second or successive motion be certified by the Eleventh Circuit Court of Appeals.  The movant stated that he understood that voluntarily withdrawing his motion would result in a dismissal with

prejudice and may bar him from raising the claim in any subsequent § 2255 motion. The movant further indicated that no one had threatened or otherwise coerced him to withdraw the motion.

Because the movant knowingly and voluntarily chose to withdraw his remaining claim of ineffective assistance of counsel, the claim is due to be DISMISSED WITH PREJUDICE.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 11th day of March, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE